**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JEFFREY L. LOUK,**

        **Petitioner,**

       v.                                            **Civil no. 2:05-cv-5**
                                                    **Crim no. 2:01-cr-24**
                                                      **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**OPINION/REPORT AND RECOMMENDATION**

On January 31, 2005, the *pro se* petitioner, Jeffrey L. Louk, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In the petition, the petitioner asserts that his sentence is unconstitutional in light of the Supreme Court's decision in Blakely v. Washington, 524 U.S. 296 (2004),[1] and that he has not received any benefit for acceptance of responsibility.

This matter is pending before me for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq.

---

[1] Blakely v. Washington, 542 U.S. 296, 303 (2004), holds that "[w]hen a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." (Internal citation and quotations omitted). Moreover, the Supreme Court has applied the reasoning in Blakely to the federal sentencing guidelines. See United States v. Booker, 543 U.S. 220 (2005). In Booker, the Court specifically held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Additionally, the Court severed the unconstitutional provisions from the Sentencing Reform Act, made the guidelines advisory, and established an unreasonableness standard of review for sentences on appeal. Thus, petitioners' Blakely claim, is now a Booker claim.

## I. Factual and Procedural History

### A. Conviction and Sentence

On December 1, 2001, the petitioner signed a plea agreement in which he agreed to plead guilty to Count Two of the Indictment, charging him with interstate travel in aid of drug offense, in violation of Title 18, United State Code, §1952(a)(3). In the plea agreement, the parties agreed that the maximum sentence for this charge was five years imprisonment followed by three years of supervised release. Additionally, the petitioner waived his right to appeal and to collaterally attack his sentence if the Court found the applicable guideline range is level 29 or less. On January 28, 2002, the petitioner entered his plea in open court, and on July 11, 2002, the Court sentenced the petitioner to 60 months imprisonment, followed by three years of supervised release.

### B. Appeal

Petitioner did not file a direct appeal of his conviction and sentence.

### C. Federal Habeas Corpus

The petitioner asserts that he never received any benefit from his acceptance of responsibility and that he was denied his Fifth Amendment right to due process, and his Sixth Amendment right to trial by jury, when his sentence was enhanced beyond the maximum on judicial fact finding.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[2] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), notice must be given to a petitioner when the Court intends to dismiss his § 2255 motion as being untimely, unless the petitioner can demonstrate otherwise. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, at 511.

Here, the petition is clearly untimely. Petitioner was sentenced on July 11, 2002, and he did not file a direct appeal. Thus, for purposes of the one-year limitations period, the petitioner's conviction became final on the date on which the district court entered his judgment of conviction. See United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), cert. denied, 534 U.S. 1032 (2001). Moreover, the day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th

---

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ____ U.S. ____, 125 S.Ct. 2478 (2005).

3

Cir. 2000). Accordingly, petitioner's conviction and sentence became final on July 11, 2002, and under AEDPA, he had until July 11, 2003, to timely file a § 2255 motion. The petitioner did not file his § 2255 motion until January 31, 2005, approximately one and half years after the statute of limitations had expired. Therefore, the petitioner's § 2255 motion is clearly untimely under subsection 1.

However, in the petition, the petitioner argues that his petition is timely under subsection 3.[3] Specifically, petitioner asserts that his petition is timely because it was filed within one-year from "the date on which the right asserted was initially recognized by the Supreme Court [ . . . ] and made retroactively applicable to cases on collateral review." Petition at 2. However, petitioners' argument is foreclosed by the Fourth Circuit's decision in United States v. Morris, 429 F.3d 65 (2005), in which the Court found that Booker has not been made retroactively applicable to cases on collateral review.[4] Thus, petitioners' Blakely/Booker claim does not save his § 2255 motion and the petition should be dismissed as untimely.

### III. Recommendation

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** the case with prejudice.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of

---

[3] The petitioner does not allege that the Government created an impediment to his filing a timely § 2255 motion or that his motion is based on new facts. Thus, subsections 2 and 4 of § 2255 are not applicable to this case and will not be addressed in more detail.

[4] In Morris, the Fourth Circuit noted that its decision conforms with the nine other circuit courts of appeals that have considered the issue of Booker's retroactivity.

4

such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: March 13, 2006

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE