**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JEFFREY L. LOUK**

        **Petitioner,**

**v.**                                             **CIVIL ACTION NO. 2:05 CV 5**
                                                 **CRIMINAL ACTION NO. 2:01 CR 24**
                                                               **(Maxwell)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## ORDER

On January 31, 2005, *pro se* Petitioner Jeffrey L. Louk filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation in accordance with Rule 83.15 of the Local Rules of Prisoner Litigation Procedure.

After conducting an initial screening and review, United States Magistrate Judge John S. Kaull issued an Opinion/Report And Recommendation on March 13, 2006, wherein he recommended that the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody be denied and that the above-styled *habeas corpus* action be dismissed with prejudice as untimely.

In his Opinion/Report And Recommendation, Magistrate Judge Kaull provided the Petitioner with ten (10) days from the date he was served with a copy of said Opinion/Report And Recommendation in which to file objections thereto and advised the Petitioner that a failure to timely file objections would result in the waiver of his right to

appeal from a judgment of this Court based upon said Opinion/Report And Recommendation.

The Court's review of the docket in the above-styled *habeas corpus* action reveals that the Petitioner's Objections To Magistrate's Report And Recommendation was filed on April 10, 2006. In his Objections, the Petitioner advises the Court that, although he "does not disagree with the court's interpretation of the law on the statute of limitations on the filing of a motion pursuant to 28 USC Section 2255", he believes that "[t]he holdings in <u>Blakely</u>, supra, which have now been extended to the Federal Guidelines by <u>Booker</u> supra, are structural errors which are not subject to harmless or plain error review and require reversal and are, therefore, immune from any question of retroactivity."

Upon consideration of the Petitioner's Objections To Magistrate's Report And Recommendation, it appears to the Court that the Petitioner has not raised any issues that were not thoroughly considered by Magistrate Judge Kaull in his Opinion/Report And Recommendation. As Magistrate Judge Kaull noted in his Opinion/Report And Recommendation, the Petitioner's argument that <u>Booker</u> claims are immune from any question of retroactivity is foreclosed by the decision of the United States Court of Appeals for the Fourth Circuit in <u>United States v. Morris</u>, 429 F.3d 65 (2005), in which that Court expressly found that <u>Booker</u> announced neither a substantive rule nor a procedural rule falling within the "small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding" and, thus, was not made retroactively applicable to cases on collateral review. The United States Court of Appeals for the Fourth Circuit has rendered its decision with regard to the

retroactive application of Booker to cases on collateral review, and this Court is bound by that decision.

Moreover, the Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that Magistrate Judge Kaull's March 13, 2006, Opinion/Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this *habeas corpus* action. Accordingly, it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge Kaull in the above-styled *habeas corpus* action on March 13, 2006 (Docket No. 25), be, and the same is hereby, **ACCEPTED** in totality, and that the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (Docket No. 23) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that the above-styled *habeas corpus* action be, and the same is hereby, **DISMISSED** with prejudice and **STRICKEN** from the docket of the Court.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner.

**ENTER:** July  20 , 2006

                                          **/S/ Robert E. Maxwell**
                                            United States District Judge